FILED
July 1, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

# No:03-14-00665-CV

---

## IN THE COURT OF APPEALS FOR
## THE THIRD JUDICIAL DISTRICT OF TEXAS
## AT AUSTIN, TEXAS

---

### ERIC DRAKE

*Plaintiff–Appellant*

v.

### KASTL LAW FIRM P.C. ET AL

*Defendant–Appellee*

---

## ON APPEAL FROM THE 200TH DISTRICT COURT
## TRAVIS COUNTY, AUSTIN, TEXAS

### Trial Court No. D-1-GN-14-001215

---

# APPELLANT ERIC DRAKE SECOND RESPONSE TO APPELLEES MOTION REGARDING WORD COUNT AND APPELLANT'S MOTION TO STRIKE

---

**Eric Drake**
**Pro-Se**
**Appellant**
**PO Box 833688**
**Richardson, Texas 75083**
**214-477-9288**



RECEIVED
JUL 0 1 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

## APPLLEANT SECOND RESPONSE TO APPELLEES MOTION REGARDING WORD COUNT AND APPELLANT'S MOTION TO STRIKE

TO HONORABLE SAID JUSTICES:

Once again, Appellee Willing files a motion with the Court regarding the Appellant's brief and its word count. The motion itself, which is called a letter, is not a letter but a motion that is filed improperly before the Court. Nevertheless, the Appellant must respond to Appellees motion on the record. And even though the attorney general appear to act dumb as to the filing of its motion, the motion itself should be stricken from the record because it is improper and frivolous.

Regarding the attorney general's calculations of the Appellant's word count in his amended brief, and what is excluded from the word count calculations, it appears that Appellee Willing's counsel is suggesting that the "Statement of the Case" should be counted in the calculations regarding word count in a brief. For the sake of the attorney general's office, and Appellee Willing please see attached Exhibit "A," which is taken directly from the Texas Rules of Appellate Procedure. Emphasis on the word: **"except."** This exhibit should be self-explanatory, and self-educating. Appellant's brief complies with appellate word count requirements.

1

WHEREFORE, Appellant Eric Drake moves this Honorable Court to strike the Appellees motion or (document) styled "Appellee's advisory to the Court" from the Court's record because it is improper, frivolous, and pursuant to the attached exhibit Appellees motion is making misleading accusations. Appellant asks the Court for all relief it can show justification.

Respectfully submitted,

Eric Drake
P.O. Box 833688
Richardson, Texas 75083
214-492-9269

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2015, I served the foregoing Response and Motion, by causing one copy was *placed in the U.S. Mail and addressed* to appellees legal counsel of record.

Eric Drake

2

## CERTIFICATION OF CONFERENCE

I ERIC DRAKE, Appellant, attempted to make contact with Kristina Kastl, three times to conference with her regarding this motion, however, she has failed to respond. Likewise, I attempted to conference with Scot Graydon three times, but he has continued to refused to conference with Appellant by telephone. And Frank Waite never responded to the Appellant's requests to conference with him. Appellant forgot to attach the conference when he forwarded the motion to the Court. However, the Appellant attempted to contact Kristina Kastl on Monday, June 22, 23, and 24 and she has continued to refuse to communicate with the Appellant. The Appellant attempted to make contact with Scot Graydon on Tuesday, June 23 and Wednesday June 24, 2015 but he has likewise continued to refuse to communicate with the Appellant. And apparently so have Frank Waite who does not believe that he is part of this appeal. Thus, Appellant files this motion with the Court for its decision and ruling.

Eric Drake

3

Exhibit "A"

must appear on the front cover of that party's first brief.

(h) *Appendix and Original Proceeding Record.* A appendix may be bound either with the document to which it is related or separately. If separately bound, the appendix must comply with paragraph (f). A paper record in an original proceeding or a paper appendix must be tabbed and indexed. An electronically filed record in an original proceeding or an electronically filed appendix that includes more than one item must contain bookmarks to assist in locating each item.

(i) *Length.*

(1) Contents Included and Excluded. In calculating the length of a document, every word and every part of the document, including headings, footnotes, and quotations, must be counted except the following: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

(2) Maximum Length. The documents listed below must not exceed the following limits:

(A) A brief and response in a direct appeal to the Court of Criminal Appeals in a case in which the death penalty has been assessed: 37,500 words if computer-generated, and 125 pages if not.

(B) A brief and response in an appellate court (other than a brief under subparagraph (A)) and a petition and response in an original proceeding in the court of appeals: 15,000 words if computer-generated, and 50 pages if not. In a civil case in the court of appeals, the aggregate of all briefs filed by a party must not exceed 27,000 words if computer-generated, and 90 pages if not.

(C) A reply brief in an appellate court and a reply to a response to a petition in an original proceeding in the court of appeals: 7,500 words if computer-generated, and 25 pages if not.

(D) A petition and response in an original proceeding in the Supreme Court, a petition for review and response in the Supreme Court, a petition for discretionary review and response in the Court of Criminal Appeals, and a motion for rehearing and response in an appellate court: 4,500 words if computer-generated, and 15 pages if not.

(E) A reply to a response to a petition for review in the Supreme Court, a reply to a response to a petition in an original proceeding in the Supreme Court, and a reply to a response to a petition for discretionary review in the Court of Criminal Appeals: 2,400 words if computer-generated, and 8 pages if not.

(3) Certificate of Compliance. A computer-generated document that is subject to a word limit under this rule must include a certificate by counsel or an unrepresented party stating the number of words in the document. The person certifying may rely on the word count of the computer program used to prepare the document.

(4) Extensions. A court may, on motion, permit a document that exceeds the prescribed limit.

(j) *Electronically Filed Documents.* An electronically filed document must:

(1) be in text-searchable portable document format (PDF);

(2) be directly converted to PDF rather than scanned, if possible;

(3) not be locked;

(4) be combined with any appendix into one computer file, unless that file would exceed the size limit prescribed by the electronic filing manager; and

(5) otherwise comply with the Technology Standards set by the Judicial Committee on Information Technology and approved by the Supreme Court.

(k) *Nonconforming Documents.* If a document fails to conform with these rules, the court may strike the document or identify the error and permit the party to resubmit the document in a conforming format by a specified deadline.

Retail

EP14F November 2011 © U.S. Postal Service

UNITED STATES
POSTAL SERVICE.

US POSTAGE PAID
$5.75

1006

Origin: 75360
0 Lb 2.60 Oz
06/25/2015
4522000202-10

PRIORITY MAIL ®2-Day

Expected Delivery Day: 06/27/2015

USPS TRACKING NUMBER

9505 5122 0451 5176 0216 29

PLEASE

**PRIORITY®
MAIL**

UNITED STATES POSTAL SERVICE

Flat Rate Mailing Envelope

*Visit us at usps.com*

**INTERNATIONAL RESTRICTIONS APPLY:**

*Customs forms are required. Consult the
International Mail Manual (IMM) at pe.usps.gov
or ask a retail associate for details.*

UNITED STATES
POSTAL SERVICE®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

**PRIORITY®
★ MAIL ★**

FROM: Eric Drake
PO Box 833688
Richardson, TX 75083

TO: 3rd Court of Appeals
209 W. 14th St.
Suite 100
Austin, TX. 78701

FOR DOMESTIC AND INTERNATIONAL USE

Label 228, July 2013